1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COMMUNITY FUND LLC,

        Plaintiff,

    v.

GLORIA Y. CLAYTON,

        Defendant.

Case No.  15-cv-01814-JSC

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; REFERRAL FOR REASSIGNMENT; REPORT AND RECOMMENDATION TO REMAND**

Re: Dkt. No. 1, 2

Defendant Gloria Y. Clayton ("Defendant"), proceeding pro se and *in forma pauperis*, removed this unlawful detainer action to federal court.  Young invokes federal subject matter jurisdiction and diversity jurisdiction under 28 U.S.C. § 1331 and asserts that removal is proper under 28 U.S.C. §§ 1441 and 1446.  As neither party has consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), the Court does not have authority to make a dispositive ruling in this case.  Accordingly, the Court orders that this case be REASSIGNED to a District Judge.

The Court lacks subject matter jurisdiction over this action because the single claim in the complaint arises exclusively under state law and the amount in controversy is less than $10,000. Accordingly, the Court RECOMMENDS that the District Court REMAND this action to state court.

**BACKGROUND**

Plaintiff Community Fund, LLC ("Plaintiff") initiated this residential unlawful detainer action in Contra Costa County Superior Court on February 26, 2015.  (Dkt. No. 1 at 5.)  The complaint alleges that Plaintiff is the owner of property located at 35 Las Moradas Circle, San

1   Pablo, CA 94806.  (*Id.* at 6.)  Plaintiff alleges that on or about August 14, 2013, Defendant agreed

2   to rent the premises for a one-year term at a rate of $1,400.00 per month.  (*Id.*)  Defendant signed a

3   written lease agreement with Plaintiff's agent.  (*Id.*)  The state court complaint alleges that a copy

4   of this written agreement was included as an exhibit, but no agreement is included on the docket

5   for this case.  (*See generally id.*)  Plaintiff further alleges that Defendant has failed to surrender

6   possession of the property despite being personally served with a 3-day notice to pay rent or quit

7   on February 20, 2015.  (*Id.*)  Plaintiff seeks possession of the property, forfeiture of the lease

8   agreement, holdover damages at a rate of $46.67 per day, and all costs and fees incurred in this

9   action deemed just and proper by the court, including reasonable attorneys' fees.  (*Id.* at 7.)

10      Defendant filed a demurrer to the complaint on March 24, 2015 on the grounds that the

11   notice to pay rent or quit failed to include the information required by law and therefore no action

12   for unlawful detainer lies.  (*See id.* at 8-9.)  According to Defendant, the Superior Court did not

13   sustain her demurrer.  (*Id.* at 2.)  Defendant removed the case to federal court on April 22, 2015.

14   (Dkt. No. 1.)

15                                   **DISCUSSION**

16   **A.     IFP Application**

17      Defendant moves to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.  (Dkt. No.

18   2.)  The Court finds that Defendant has shown good cause that she is unable to pay the filing fee

19   associated with removing a complaint.  Accordingly, the Court GRANTS Defendant's request to

20   proceed IFP.

21   **B.     Subject Matter Jurisdiction**

22      Having granted Defendant's request to proceed IFP, under 28 U.S.C. § 1915(e)(2) the

23   Court is required to dismiss an *in forma pauperis* complaint that lacks subject matter jurisdiction.

24   *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).  Even aside from Section 1915 review, the

25   Court has an independent duty to ascertain its jurisdiction and may remand a case sua sponte for

26   lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564,

27   566 (9th Cir. 1992).  The party seeking removal bears the burden of proving that subject matter

28   jurisdiction is proper.  *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006).  For the

United States District Court
Northern District of California

1  reasons explained below, Defendant has failed to establish federal subject matter jurisdiction in

2  this case.

3          Defendant alleges that removal is proper under the federal question statute, 28 U.S.C.

4  § 1331, and 28 U.S.C. §§ 1441 and 1446.  (Dkt. No. 1 at 2.)  Defendant's removal of Plaintiff's

5  unlawful detainer action to federal court lacks merit because the court does not have subject matter

6  or diversity jurisdiction over the claims.  It is well settled that federal courts do not have federal

7  question jurisdiction over unlawful detainer actions, where federal law does not create the cause of

8  action and the plaintiff's right to relief as to its claims does not depend on a resolution of a

9  question of federal law.  *JP Morgan Chase Bank, N.A. v. Chavez*, No. C 11-5129 PSG, 2011 WL

10 6760349, at *1 (N.D. Cal. Dec. 5, 2011) (citations omitted), *report & recommendation adopted by*

11 2011 WL 6749057 (N.D. Cal. Dec. 23, 2011); *see also, e.g.*, *Eden Housing Mgmt. v. Muhammad*,

12 No. C 07-4325 SBA, 2007 WL 4219397, at *2-3 (N.D. Cal. Nov. 28, 2007) (no federal question

13 jurisdiction on the face of an unlawful detainer complaint); *Citibank N.A. v. Ortiz*, No. 08-cv-1301

14 LAB, 2008 WL 4771932, at *1 (S.D. Cal. Oct. 28, 2008) (same).

15         Although Defendant alleges in her removal papers that her demurrer to the unlawful

16 detainer at issue relates to violations of her rights and Plaintiff's duties arising under federal law

17 (*see* Dkt. No. 1 at 2-3), "removability cannot be created by defendant pleading a counter-claim

18 presenting a federal question."  *Eden Housing Mgmt.*, 2007 WL 4219397, at *2 (quoting *Takeda v.*

19 *Northwestern Nat'l Life Ins. Co.*, 765 F.2s 815, 822 (9th Cir. 1985)); *Wayne v. DHL Worldwide*

20 *Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("Neither allegations or affirmative defenses in an

21 Answer nor in the petition for removal can create federal jurisdiction."); *see, e.g.*, *Chavez*, 2011

22 WL 6760349, at *1 (remanding unlawful detainer action where defendant sought to establish

23 federal question jurisdiction through federal statutory counterclaim); *Fed. Home Loan Mortg.*

24 *Corp. v. Pinzon*, No. 12-cv-03450 NC, 2012 WL 3527232, at *2 (N.D. Cal. July 12, 2012), *report*

25 *& recommendation adopted by* 2012 WL 3536761 (N.D. Cal. Aug. 15, 2012).  In other words,

26 because the complaint on its face presents no federal question, and a defendant cannot bootstrap

27 federal jurisdiction by pleading a defense or counterclaim, the instant unlawful detainer action

28 must be remanded for determination by the state court.

1    The Court further finds that there is no diversity jurisdiction based on Plaintiff's unlawful

2    detainer action, which was filed in the superior court as a "limited" civil case amounting to less

3    than $10,000 in controversy.  (*See* Dkt. No. 1 at 5.)  For the reasons already discussed, any

4    damages related to Defendant's purported federal rights counterclaim is not part of the amount-in-

5    controversy calculation.  *See Chavez*, 2011 WL 6760349, at *1.  In addition, only non-resident

6    defendants can effect removal based on diversity jurisdiction.  *See* 28 U.S.C. § 1441(b); *Spencer v.*

7    *U.S. Dist. Ct. for Northern Dist. (Altec Indus., Inc.)*, 393 F.3d 86, 870 (9th Cir. 2004).  Once any

8    "local defendant (a citizen of the forum state) has been served, the action cannot be removed by

9    that defendant, or by any other defendant."  *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp.

10   628, 629 (N.D. Cal. 1991).  Here, the complaint alleges that Defendant resides at the subject

11   property, located in San Pablo, California, and is therefore a citizen of California.  (Dkt. No. 1 at

12   6.)  As Clayton is a "local" defendant, removal is improper on this basis as well.

### CONCLUSION

13   The Court GRANTS Clayton's IFP application.  However, as the Court lacks subject

15   matter jurisdiction over this action, the Court recommends that this action be REMANDED to the

16   Contra Costa County Superior Court.  Any party may object to this recommendation within

17   fourteen days of the filing date of this order.  *See* Fed. R. Civ. P. 72(b).

18   **IT IS SO ORDERED.**

19   Dated:  April 27, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge